# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RIVERSIDE FARMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-1329-F |
| | ) |
| GENE GREER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff's motion for attorneys' fees, filed January 22, 2007, is before the court. (Doc. no. 10.)[1] The motion seeks fees incurred in obtaining the remand of this action to state court. Defendant, who appears *pro se* and whose pleadings are liberally construed, has objected to the motion on 32 separately numbered grounds. The court declines to further describe the reasons for defendant's objections to the requested fee award, except to state that, in reaching the determinations set out in this order, the court has carefully considered each of those 32 reasons, which range from objections to the adequacy of plaintiff's documentation in support of the fee award, to arguments that a fee award cannot be made against a party who enjoys *in forma pauperis* status, to arguments that a fee award would be unconstitutional and in contravention of the removal statute.

As stated in its order of remand, the court has already concluded that defendant lacked an objectively reasonable basis for the removal of this action, and that

---

[1] The motion is brought by Philip W. Redwine, attorney for the plaintiff, on behalf of the plaintiff, Riverside Farms, LLC, seeking an award of attorneys' fees to the plaintiff.

plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) should, therefore, be granted, subject only to plaintiff submitting a separate motion seeking a specific fee along with the appropriate supporting documentation.  (Order of remand, doc. no. 9.) Plaintiff has now met that condition, submitting a timely motion with adequate documentation in support of a requested fee of $2,062.50.

Having carefully reviewed the motion and documentation, the court finds that the hours expended are reasonable and that the rates used to calculate the fees are within the range commonly found in this legal community.  Considering all of the circumstances, which include the result obtained in this matter (remand) in relation to the hours reasonably expended to achieve that result, the court finds that the requested fee is reasonable.  *See*, Martin v. Franklin Capital Corporation, 546 U.S. 132, 126 S. Ct. 704, 711 (2005) (the standard for awarding fees should turn on the reasonableness of the removal; absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal); Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1258-59 (10th Cir. 2005) (calculating lodestar figure in a disability case by multiplying hours reasonably spent on litigation by a reasonable hourly rate, and considering other factors which are within the trial judge's discretion to assess).

In short, the court has previously determined that a fee award is appropriate here, and it now determines that the requested fee is reasonable and is supported with appropriate documentation.  There are no unusual circumstances affecting the fee award, and  none of defendant's objections to the requested fee have merit. Accordingly, after careful consideration of the parties' submissions, the record, and the relevant authorities, plaintiff's motion for attorneys' fees is **GRANTED**.  The

requested fee, in the amount of $2,062.50, is approved and awarded against the defendant and in favor of the plaintiff.

Dated this 2nd day of August, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1329p002(pub).wpd